```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA

TUG ROBERT J. BOUCHARD, INC.,              CIVIL ACTION
ET AL.

VERSUS                                     NO: 05-1420 c/w
                                           08-1210, 08-1211

MARINE SYSTEMS, INC., ET AL.               SECTION: "R"(5)
```

**This Order applies to Civ. A. Nos. 08-1210, 08-1211.**

## ORDER AND REASONS

Before the Court is the motion of plaintiffs Tug Robert J. Bouchard, Inc., Bouchard Coastwise Management Corp., and Interested Hull Underwriters to remand Civil Action 08-1210 to state court on the basis of improper removal. (Civ. A. 08-1210, R. Doc. 5.)  The motion is unopposed.  Additionally, Bouchard Transportation Company, Inc. moves to remand Civil Action 08-1211. (Civ. A. 08-1211, R. Doc. 5.)  Although defendants Western Reman, Inc., Remy International, Inc., and Remy, Inc. (collectively, "WRI") filed an opposition to Bouchard Transportation Company's motion to remand, WRI does not assert any basis, legal or otherwise, for its opposition. (Civ. A. 08-1211, R. Doc. 8.)  For the following reasons, the Court GRANTS both motions to remand.

WRI removed both cases on March 6, 2008 on the basis of diversity jurisdiction, citing 28 U.S.C. §§ 1332 and 1441. All parties are citizens of other states or countries except for Marine Systems, Inc., which is incorporated under the laws of Louisiana with its principal place of business in Baton Rouge. Marine Systems, Inc. is a defendant in both actions.

Although complete diversity of the parties exists in both cases, because one of the defendants properly joined and served is a citizen of the state in which the actions were brought, removal was improper. Section 1441(b) clearly states that any action based on diversity "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). *See also Lincoln Property Co. v. Roche*, 546 U.S. 81, 90 (2005); *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998) (finding that "[a] non-resident defendant cannot remove an action if the citizenship of a co-defendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or non-service upon the co-defendant"). Because Marine Systems, Inc. is a citizen of the state of Louisiana, the state where these actions were brought, these cases were improperly removed to federal court.

Accordingly, the Court GRANTS plaintiffs' motions to remand. Civil Actions 08-1210 and 08-1211 are remanded to Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, this 16th day of June, 2008.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE